UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| CORY WAHL, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff | ) |  |
|  | ) | CAUSE NO. 3:11-CV-419 RM |
| v. | ) |  |
|  | ) |  |
| DR. NOE MARANDET, *et al.*, | ) |  |
|  | ) |  |
| Defendants | ) |  |

OPINION AND ORDER

Cory Wahl, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under RULE 12(b)(6), a complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 603. Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). The court must bear in mind, however, that "[a] document filed *pro*

*se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Wahl alleges that he was denied proper treatment for his wrist while it was in a cast following surgery at Wishard Hospital. In medical cases, the Eighth Amendment is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). Prisoners are "not entitled to demand specific care. [They are] not entitled to the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir.1997).

> For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment.

Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). Medical malpractice and incompetence don't state a claim of deliberate indifference. Walker v. Peters, 233 F.3d 494 (7th Cir. 2000). Neither does mere "disagreement with medical professionals . . . state a cognizable Eighth Amendment Claim under the deliberate indifference standard of Estelle v. Gamble [429 U.S. 97 (1976)]." Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003).

On June 13, 2011, Mr. Wahl had a cast placed on his arm at Wishard Hospital. Mr. Wahl wrote that when the surgeon put the cast on, he "told me this cast was going to be painful on my wrist. He said he was sending a recommendation for a pain medication for

2

the pain I was having." ECF 1-1 at 5. When Mr. Wahl returned to the Miami Correctional Facility, he was given a different medication for pain by Dr. Marandet. Over time, several different medications were tried, but Mr. Wahl continued to have pain. Though it is entirely understandable that he continued to seek relief for his pain, based on the statement by the surgeon who put the cast on his arm, pain was an expected consequence of the treatment he was receiving for his wrist. Moreover, though he wanted different pain medication, he wasn't entitled to demand specific treatment. Though Dr. Marandet was unsuccessful in treating Mr. Wahl's pain, the facts alleged in this complaint don't state a claim of deliberate indifference.

When the cast was placed on his arm, Mr. Wahl was told that it should be removed in six weeks. On July 21, 2011, before the end of the six weeks, Mr. Wahl asked Dr. Marandet to remove the cast. The physician told him to wait until he returned to Wishard Hospital. On September 14, 2011, thirteen weeks and two days after the cast was put on, Mr. Wahl again saw Dr. Marandet and asked to have the cast removed. Again, Dr. Marandet said that he needed to wait until he returned to Wishard Hospital. On September 30, 2011, fifteen weeks and four days after the cast was put on, Dr. Marandet removed it at the prison. Mr. Wahl doesn't explain why his return to Wishard Hospital was delayed, but he notes that he has gone to the hospital five times since August 22, 2010.

Deliberate indifference is a very high standard to meet. It requires "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir.

1992). The total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir. 1991). The allegations against Dr. Marandet don't rise to the level of deliberate indifference. When first asked to remove the cast, Dr. Marandet followed the original treatment plan and told Mr. Wahl to wait until he returned to Wishard Hospital after he had worn the cast for six weeks. When he was asked the second time, it had been more than six weeks, but Dr. Marandet still insisted that Mr. Wahl return to Wishard Hospital. Though there is no indication that it was an erroneous choice to not immediately remove the cast, even if it was, it cannot reasonably be described as deliberately indifferent. Wearing the cast, though painful, did not constitute a medical emergency requiring immediate removal. Moreover, Dr. Marandet removed the cast two weeks and two days later. Thus, based on the facts alleged, the complaint does not state a claim of deliberate indifference as to the delayed removal of the cast.

Mr. Wahl also alleges that Dr. Marandet denied him a bottom bunk pass in October, November, and December 2010. As a result, Mr. Wahl continued to use his upper bunk for over five months before he fell on March 7, 2011. "Conditions of confinement must be severe to support an Eighth Amendment claim; the prison officials' act or omission must result in the denial of the minimal civilized measure of life's necessities." Morissette v. Peters, 45 F.3d 1119, 1123 (7th Cir. 1995) (quotation marks and citation omitted). "An objectively sufficiently serious risk, is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." Christopher

4

v. Buss, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citations omitted). Mr. Wahl continued to use his bunk for five months without incident. Though it might have been better if he hadn't been assigned to the upper bunk when he fell, based on the facts alleged, it can't be reasonably inferred that the refusal of a bottom bunk constituted a denial of the minimal civilized measure of life's necessities or that assigning him a top bunk was a risk so grave that it was unconscionable to have exposed him to it.

Finally, Mr. Wahl alleges that he complained to Dr. Michael Mitcheff, the medical director of Corizon Healthcare, about the care he was receiving from Dr. Marandet. Mr. Wahl names both Dr. Mitcheff and Corizon Healthcare as defendants in this lawsuit. He argues that they are also responsible for the medical treatment he received, but because this complaint doesn't state a claim for a denial of medical treatment, they will also be dismissed.

For the foregoing reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: November  10 , 2011     /s/ Robert L. Miller, Jr.
                                  Judge
                                  United States District Court

cc: C. Wahl
    C. Dillon/J. Bleeke/J. Moore